

**United States Department of Justice**

*William Ihlenfeld*
*United States Attorney's Office*
*Northern District of West Virginia*

United States Courthouse
1125 Chapline Street        Phone: (304) 234-0100
Suite 3000                  FAX:  (304) 234-0111
Wheeling, WV 26003

Beth Gross, Esq.                    September 6, 2023
Assistant Federal Public Defender
230 West Pike Street                        **FILED**
Huntington Bank, Suite 360
Clarksburg, WV 26301                     SEP 19 2023
*VIA E-MAIL DELIVERY*
                                   U.S. DISTRICT COURT-WVND
                                      WHEELING, WV 26003

Re:   <u>United States v. Hardy Carroll LLOYD</u>, Criminal Action No. 5:23-CR-52

Dear Ms. Gross:

This will confirm conversations with you concerning your client, Hardy Carroll Lloyd (hereinafter referred to as "Defendant" or "Mr. Lloyd").  All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

It is agreed between the United States and your client as follows:

1.      Mr. Lloyd will plead guilty to Count One of the Indictment, charging him with one count of Obstruction of the Due Administration of Justice, in violation of Title 18, United States Code, Section 1503(a).

2.      The maximum penalty to which Mr. Lloyd will be exposed by virtue of his plea of guilty is:  imprisonment for a term of not more than ten (10) years, a fine of not more than $250,000, and a term of supervised release of not more than three (3) years, pursuant to Title 18, United States Code, Sections 1503(b)(3), 3559(a)(3), 3571(b)(3) and 3583(b)(2).  Mr. Lloyd will also be required to pay a mandatory special assessment of $100.00, (Title 18, United States Code, Section 3013) which must be paid before the date of sentencing by money order, or certified check, made payable to the United States District Court.  It is also understood that Mr. Lloyd might be required by the Court to pay the costs of his incarceration.

_____          _____
Hardy Carroll Lloyd, Defendant                    Date    9/11/23

_____          _____
Beth Gross, Esq.                                  Date    9/11/23
Counsel for Defendant

- 1 -

3.      Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree to the following binding term:  **a sentence of imprisonment of seventy-eight (78) months**.  The Court will determine the amount of the supervised release and any fine.  The parties understand that if the Court does not accept the binding provisions of this paragraph, then Mr. Lloyd will have the right to withdraw his plea of guilty.

4.      Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that the base offense level is a **Base Offense Level 14** pursuant to Section 2J1.2(a).

Regarding Specific Offense Characteristics, the parties hereby stipulate and agree that an **eight-level upward adjustment** is applicable pursuant to Section 2J1.2(b)(1)(B) because the offense involved threatening to cause physical injury to a person to obstruct the administration of justice.

In addition, the parties hereby stipulate and agree that a **three-level upward adjustment** is applicable pursuant to Section 3A1.1(a) because the defendant intentionally selected a victim as the object of the offense of conviction because of the actual or perceived religion of a person.

The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by these stipulations, and if not accepted by the Court, Mr. Lloyd will not have the right to withdraw his plea of guilty.

5.      In support of the Guidelines stipulations above, and as the factual basis for the guilty plea, the parties hereby stipulate and agree to the following facts.

At all times relevant to the Indictment, the defendant had knowledge of the judicial proceedings involving the trial of Robert Bowers that was pending in the United States District Court for the Western District of Pennsylvania.  Bowers had been charged with several federal hate crimes for fatally shooting 11 individuals at the Tree of Life synagogue in Pittsburgh in 2018.

During the period of May and June 2023, the defendant endeavored corruptly to influence, obstruct, and impede the Bowers trial by engaging in threatening conduct directed at the jury and government witnesses.

Regarding the jury, the defendant made several posts on his website (creativityreligion.com), and sent several emails connected with his website, all from Brooke County, West Virginia, in which he stated that he would obtain the personal information of the members of the jury and post the information online "for lone wolves" if the jury voted to convict Bowers.
On May 19, 2023, the defendant further articulated this threat of physical violence when he sent an email, with the subject "Ouch," to an address with "creator" in the account name, carbon copied

_____          _____
Hardy Carroll Lloyd, Defendant               Date     9/11/23

_____          _____
Beth Gross, Esq.                                      Date     9/11/23
Counsel for Defendant

accounts belonging to several Pittsburgh news outlets, and attached a photograph of a gunman shooting a woman in the face from the first-person point of view of the gunman, stating:

> This woman was a juror on a case and voted against the defendant.
> After the trial some asshole posted her PUBLIC record onto social media.
> Bitch went to the grocery store.
> She never came home.
> Guess she should have voted the White way?!?
>
> Looks like it hurt.

In fact, the photograph was a screen capture from a video created by the mass shooter who fatally shot ten Black people in Buffalo, New York, at a Tops Friendly Markets supermarket in 2022. Within a minute of sending the "Ouch" email, the defendant emailed another address with "creator" in the account name, stating, "I plan on filing for the names after the trial.   Hope the jurors get told that and vote the right way?!?"

Regarding government witnesses, the defendant, while in Brooke County, West Virginia, posted the photograph, name, and/or other information of several government witnesses on the "enemies" page of his website "for lone wolves."

On June 2, 2023, the defendant posted a collage of photographs to his "enemies" page.  The photographs depict several witnesses to Bowers' attack, some of whom had already testified at the trial before the date of the post and some of whom would testify before the end of the trial.  The post included multiple photographs of an individual referred to in the Indictment as WITNESS1. On June 3, 2023, the defendant made a post to his "enemies" page that included the photograph of WITNESS1.  The post included the name of WITNESS1 and that WITNESS1 was "of Squirrel Hill," a neighborhood in Pittsburgh.

During this period, the defendant also traveled on multiple occasions to Pittsburgh where he placed stickers, including one that contained a swastika and the message "White Pride," on public property.  The stickers included a label with a web address to his website.

The defendant intentionally selected the jury and government witnesses in the Bowers trial as the targets of his threatening endeavor to obstruct because of the actual or perceived Jewish religion of several government witnesses, including WITNESS1, and of the victims of Bowers' hate crimes.

_____                    _____
Hardy Carroll Lloyd, Defendant                      Date    9/11/23

_____                    _____
Beth Gross, Esq.                                    Date    9/11/23
Counsel for Defendant

- 3 -

6.      Mr. Lloyd waives any right to have sentencing determinations made by a jury and for a jury determination of any and all facts relevant to the application of the United States Sentencing Guidelines provisions and consents to the application of the Guidelines, in conformity with United States v. Booker, 543 U.S. 220 (2005), and to a determination of any and all facts and a resolution of the application of any and all Guidelines factors by the United States District Judge. Mr. Lloyd further agrees that the District Judge should make any sentencing determinations, including, but not limited to, Guidelines determinations, using the preponderance of the evidence standard.

7.      Mr. Lloyd will be completely forthright and truthful about all inquiries made of him and will give signed, sworn statements and testimony, including but not limited to, appearances at grand jury, trial, sentencing and other proceedings. Mr. Lloyd will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

8.      Nothing contained in any statement or any testimony given by Defendant, pursuant to Paragraph 7, will be used against him as the basis for any subsequent prosecution. Defendant understands that the use immunity granted in this agreement does not cover any statements or admissions that he committed, or was directly involved in committing, a crime of violence. This means that such statements or admissions can be used against the Defendant in any state or federal prosecution. In this regard, Defendant admits that, prior to the proffer, pursuant to Miranda v. Arizona, 384 U.S. 436 (1996), he has been adequately advised and warned that any admission that he committed, or was directly involved in committing, a crime of violence, other than the threats alleged in the Indictment, is not covered by the use immunity under this agreement. It is further understood that any information obtained from Defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

This agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.

In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of him fulfilling the conditions of Paragraph 7 above.

9.      At final disposition, the United States will advise the Court of Mr. Lloyd's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. At the sentencing hearing, the United States will move to dismiss the remaining counts of the Indictment as they pertain to this defendant.

_____          9/11/23
Hardy Carroll Lloyd, Defendant            Date

_____          9/11/23
Beth Gross, Esq.                          Date
Counsel for Defendant

- 4 -

10.     As part of this plea agreement, and based upon the concessions of the United States in this plea agreement, Mr. Lloyd knowingly, willingly, and voluntarily gives up the right to seek any additional discovery. Further, Mr. Lloyd knowingly, willingly, and voluntarily waives all pending requests for discovery.

11.     Although this agreement contains a binding term regarding imprisonment, the United States will make the following nonbinding recommendations:  1) if Mr. Lloyd accepts responsibility, and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, the United States will concur in the recommendation; and 2) should Mr. Lloyd give timely and complete information about his own involvement and provide timely notice of his intent to plead guilty, permitting the United States to avoid trial preparation, and comply with all the requirements of this Agreement, the United States will recommend, if applicable, an additional one-level reduction for this "timely acceptance" of responsibility.   In order to be eligible for this timely acceptance of responsibility, **Mr. Lloyd must execute this Plea Agreement on or before 5:00 p.m., September 15, 2023**, and return or fax an executed copy to the United States by that day and time.

12.     Mr. Lloyd is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, the defendant waives the following rights, if the Court sentences him pursuant to Paragraph 3 of this agreement:

a.  Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever.  This includes a waiver of all rights to appeal the Defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

b.  Defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

c.  Defendant knowingly waives all right to challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

_____          9/11/23
Hardy Carroll Lloyd, Defendant                        Date

_____          9/11/23
Beth Gross, Esq.                                              Date
Counsel for Defendant

- 5 -

Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

This waiver of appellate rights is not intended to represent the defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent the defendant from arguing for a sentence below the Guideline range at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

13.     The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Mr. Lloyd's background, criminal record, the offenses charged in the Indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made to the Court by Mr. Lloyd or his counsel.

14.     If the defendant's plea is not accepted by the Court or is later set aside or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.


_____
Hardy Carroll Lloyd, Defendant

_____
Beth Gross, Esq.
Counsel for Defendant

_____9/11/23_____
Date

_____9/11/23_____
Date

- 6 -

15.     The above fourteen (14) paragraphs constitute the entire agreement between Mr. Lloyd and the United States of America in this matter.  **There are no agreements, understandings or promises between the parties other than those contained in this Agreement.**

Very truly yours,

WILLIAM IHLENFELD
United States Attorney

By:     Jarod J. Douglas
        Assistant United States Attorney

As evidenced by my signature at the bottom of the seven (7) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

Hardy Carroll Lloyd, Defendant

9/11/23
Date

Beth Gross, Esq.
Counsel for Defendant

9/11/23
Date